## GEORGIA NORTHERN RAILWAY COMPANY *v.* INGRAM.

1. In a suit for damages alleged to have been caused by the malpractice of a surgeon, the burden is on the plaintiff to show a want of due care, skill, or diligence, and also that the injury resulted from the want of such care, skill, or diligence.

2. The evidence in this case did not authorize a verdict for the plaintiff.

Argued January 7,—Decided February 5, 1902.

Action for damages. Before Judge Estes. Brooks superior court. January 18, 1901.

*W. M. Hammond* and *W. S. Humphreys*, for plaintiff in error.
*S. A. Roddenbery, S. S. Bennet*, and *Felder & Rountree*, contra.

SIMMONS, C. J.  Ingram brought his action for damages against the Georgia Northern Railway Company. In his petition he alleged that he was an employee of the company and that the company had contracted with him and other employees that, for 50 cents per month, it would furnish a skilled surgeon to attend them in case of sickness or accident; that the defendant had appointed a Dr. Daniels as its surgeon, and plaintiff had complied with his agreement to pay 50 cents per month; that on a certain occasion plaintiff was injured while endeavoring to dismount from an engine; that Dr. Daniels was sent for by the agents of the defendant; that the doctor came, dressed the wound, and told plaintiff that his injuries were not serious; that, by reason of neglect on the part of the doctor and unskillful treatment, gangrene set in and plaintiff's leg had to be amputated above the knee. On the trial the plaintiff and his witnesses testified, in substance, that the doctor was

called on Saturday and dressed the wound, saying there was no danger of losing the leg. He did not return until Tuesday or Wednesday. After that the doctor sent his brother to dress the wound. This brother washed the wound in water so hot as to give the patient great pain, and then bound it so tightly with bandages as to cause plaintiff excessive pain and suffering. Plaintiff suffered greatly for two days, when Dr. Daniels returned. Upon examining the wound he said it was in bad condition. On Saturday the doctor amputated the limb, saying that his brother had bound it up too tight. In behalf of the defendant the doctor testified that he was a graduate of two medical colleges, one in Georgia and the other in New York, and that he had practiced medicine for about eight years and had experience in treating this kind of wound; that the wound of plaintiff was properly treated; that it was not neglected, and had not been bound too tightly by his brother; that he saw the wound on Tuesday after he had dressed it on Saturday, and was fearful that gangrene would set in; that it was necessary to amputate the limb in order to save the patient's life. Under this state of facts, the jury found for the plaintiff. The defendant moved for a new trial. The judge overruled the motion, and the movant excepted.

1. It will be seen from the above statement of facts that the surgeon who is alleged to have been neglectful and unskillful in his treatment of the plaintiff was not himself sued, but the suit was brought against the railway company. The fact that it was thus brought does not, in our opinion, change the rule as to the burden of proof. As far as we are informed, the authorities are uniform that in suits of this character the burden is on the plaintiff to show a want of due care, skill, or diligence, and also that the injury resulted from a want of such care, skill, or diligence. Taylor, Med. Jur. 356; 14 Am. & Eng. Enc. L. 78.

2. In the present case the plaintiff failed to carry the onus thus imposed upon him. Indeed, he failed to prove the allegations of his petition. It is true that he and his witnesses testified that the doctor sent his brother to dress the wound, and that the brother used on it very hot water and bandaged it so tightly as to cause the plaintiff great pain. Even if we consider this as negligent on the part of the surgeon, the evidence utterly fails to show that the necessity for the amputation was caused thereby. Nothing is

shown in the evidence as to who the surgeon's brother was, — whether he was a physician or whether he had any skill or experience in dressing wounds. The petition alleged that this brother was merely a young medical student; but the defendant's answer denied this, and the evidence fails to show it. So far as can be told from the brief of evidence, he may have been an expert surgeon. However this may be, we are clear that it was incumbent upon the plaintiff to show a want of due care, skill, or diligence, and also that from such want of care, skill, or diligence resulted the necessity for the amputation of his leg. As he did not show this, the verdict in his favor was contrary to law.

*Judgment reversed.    All the Justices concurring.*