### 12108.  FINCHER v. DAVIS.

JENKINS, P. J.  1.  "A person professing to practice surgery or the administering of medicine for a compensation must bring to the exercise of his profession a reasonable degree of care and skill.  Any injury resulting from a want of such care and skill will be a tort for which a recovery may be had."  Civil Code (1910), § 4427.  "The exercise of this degree of care and skill is the measure of professional duty in all cases; and whether this degree of care and skill has been exercised in a given case is a question of fact for the jury."  *Edwards* v. *Roberts,* 12 *Ga. App.* 140 (76 S. E. 1054).  In determining such an issue, the jury may consider all the attendant facts and circumstances which may throw light on the ultimate question.  *Pace* v. *Cochran,* 144 *Ga.* 261, 265.

2.  In an action by a physician and surgeon to recover the value of professional services rendered, the burden is on him to prove that he is a physician, that he was employed as such, that he rendered the services alleged, and to show the value of such services as represented by the ordinary and reasonable price for services of that nature.  30 Cyc. 1601; 9 Enc. Ev. 828, 829.  In such an action (as well as in a suit brought by a patient for malpractice) the presumption is that the surgical or medical services were performed in an ordinarily skilful manner, and the burden is on the person receiving the services to show a want of due care, skill and diligence.  *Ga. Northern Ry. Co.* v. *Ingram,* 114 *Ga.* 639, 640 (40 S. E. 708); *Akridge* v. *Noble,* 114 *Ga.* 949, 958 (41 S. E. 78); 30 Cyc. 1602; 21 R. C. L. 406; 9 Enc. Ev. 834.  The court did not err in so charging.

3.  Where a physician or surgeon renders necessary professional services for a wife, with her consent, the husband is primarily liable therefor,

even in the absence of any express consent on his own part. Civil Code (1910), §§ 2996, 2997; *Wrightsville & Tennille R. Co.* v. *Vaughan,* 9 *Ga. App.* 371, 372 (4) (71 S. E. 691). The charge of the court, that if the operation was performed " wholly without any authority from this defendant, then . . . the plaintiff would not be entitled to recover a fee for such operation," was more favorable to the defendant than the rule required.

4. The private physician and surgeon of the wife, who was familiar with the case and all the attendant facts and circumstances and who witnessed the operation, was asked, when testifying for the plaintiff, " was this operation done in a skilful· manner?" and answered, " Yes." The question and the answer were objected to by the defendant, upon the ground that they trenched upon ·the province of the jury, in seeking and eliciting a conclusion upon the main issue in the case; and the court overruled the objection. *Held*: The opinion of an expert on any question relating to his profession, trade, or business is always admissible, when given in response to a hypothetical question based upon the testimony of witnesses other than himself, or where, as here, the expert has himself observed the facts and gives his opinion based upon his own observation. Civil Code (1910), §§ 5876, 5874; *Yates* v. *State,* 127 *Ga.* 813 (4), 817 (56 S. E. 1017); *Taylor* v. *State,* 135 *Ga.* 622 (6) (70 S. E. 237); *Crankshaw* v. *Schweizer Mfg. Co.,* 1 *Ga. App.* 363 (58 S. E. 222).

5. The court charged the jury: " In considering whether the plaintiff, in his diagnosis, care, and treatment of defendant's wife, exercised ordinary care and skill, the jury may not set up a standard of their own, but must be guided in that regard solely by the testimony of physicians; and if you are unable to determine from the testimony of physicians and surgeons what constitutes ordinary care and skill under the circumstances of this case, then there is a failure of proof upon the only standard for your guidance, and the. evidence is insufficient to sustain the defendant's plea, and you should find for the plaintiff a reasonable amount for the services rendered." Error is assigned as to this instruction because " it limited the jury to a consideration of the testimony of physicians and surgeons only, in determining whether or not plaintiff was guilty of negligence, when the law requires that all of the testimony introduced in the trial of a' case be considered by the jury, in determining whether or not a party has exercised the degree of care, skill, and diligence required by law." *Held*: The standard of duty and diligence to which physicians and surgeons are amenable is prescribed solely by section 4427 of the Civil Code (1910), which requires that in the practice of their profession they exercise " a reasonable degree of care and skill;" but this, the invariable standard when applied to the facts and circumstances of any particular case, must be taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by the profession generally. The trial judge was manifestly seeking to impress upon the jury that they were unauthorized to impose any other capricious standard; and while the language may not have been strictly accurate, in that the recognized methods employed by physicians and surgeons in the· performance of such an operation might conceivably be shown by persons other than members of the medical profession, yet, since in point of fact the only testimony introduced along that line was that

of physicians and surgeons, the inaccuracy of expression must necessarily have been harmless. The charge complained of, while it may have sought to limit the methods of proving the specific duties owing by the plaintiff, by confining such proof to testimony of physicians and surgeons, did not, as urged, thus limit the proof of negligence.

6. The only negligence charged by the plea and answer being that of infection in the operation in question, and the jury, under the evidence, being abundantly authorized, if indeed not absolutely compelled, to find adversely to such plea, this court will not interfere with their finding.

*Judgment affirmed. Stephens and Hill, JJ., concur.*
DECIDED OCTOBER 24, 1921.

Certiorari; from Fulton superior court — Judge Pendleton. December 7, 1920.

*Hill & Adams,* for plaintiff in error.
*Burress & Dillard,* contra.