### 14815.   BRYANT v. ANDERSON.

In a suit against a surgeon for damages for a personal injury alleged to have been caused by his malpractice, where the defense is that the injury was caused by the negligence of the plaintiff, and where the plaintiff makes out a prima facie case by showing that the injury was caused by want of due care, skill, or diligence on the part of the defendant, and does not, in making out his case, show any negligence on his own part, the burden is on the defendant to prove that negligence of the plaintiff caused or contributed to the injury.

DECIDED NOVEMBER 13, 1923.

Action for damages; from city court of Waynesboro—Judge W. H. Davis.   June 8, 1923.

*E. V. Heath,* for plaintiff in error.

*P. B. Lewis Jr., Joseph Law,* contra.

BROYLES, C. J.   This was a suit against a physician and surgeon for damages for an injury alleged to have been caused by his malpractice in improperly setting a broken arm, and the burden was upon the plaintiff to show a want of due care, skill, or diligence on the part of the defendant, and also that the injury resulted from the want of such care, skill, or diligence.   *Georgia Northern Railway Co.* v. *Ingram,* 114 *Ga.* 639 (1) (40 S. E. 708).   The plaintiff carried the burden thus imposed upon him, and he was not required to prove further that the injury was not due to his own negligence.   When a plaintiff in a suit sounding in tort (other than a suit by a servant against a master) proves his injury and that it was caused by the negligence of the defendant, he makes out a prima facie case, and the burden is not upon him, as a part of his case, to show that by the exercise of proper diligence he could have prevented the injury, or that he did not contribute thereto by any negligence on his part.   This is a matter of defense.   *City Council of Augusta* v. *Hudson,* 88 *Ga.* 599, 606 (3) (15 S. E. 678) ; *Jackson* v. *Merritt Hardware Co.,* 26 *Ga. App.* 747 (3 *b*) (107 S. E. 394).   In such a case, "unless the plaintiff in making out his case submits proof of his own negligence as the contributory cause of his injury, the burden is on the defendant to prove the plaintiff's negligence, if such defense is made to the action."   *W. & A. R. Co.* v. *Casteel,* 138 *Ga.* 579, 580 (75 S. E. 609).   Under the above-stated ruling, and the facts of the instant case, the court did not err in charging the jury as complained of in the special grounds of the motion for a new trial.   The verdict

was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*