19170. Hughes et al. v. Weaver.

Jenkins, P. J. 1. "A person professing to practice surgery or the administering of medicine for a compensation must bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill will be a tort for which a recovery may be had." Civil Code (1910), § 4427. "This standard, when applied to the facts and circumstances of any particular case, must be taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by the profession generally." McLendon v. Daniel, 37 Ga. App. 524, 528 (141 S. E. 77); Fincher v. Davis, 27 Ga. App. 494 (5) (108 S. E. 905). Accordingly, the petition in the instant case, which alleged that the defendant physicians and surgeons had negligently, while operating on the plaintiff for hemorrhoids, cut and severed the sphincter ani muscle, and that it was wholly unnecessary to do so in the performance of the operation, set forth a cause of action. Nor did the allegation to the effect that the defendants in so doing failed to exercise that degree of care and skill which surgeons engaged in the same general line of service would have used amount to a mere conclusion, in view of the allegation that it was wholly unnecessary to cut the muscle in order to perform the operation.

2. The testimony of the plaintiff's husband, who was present at the operation, to the effect that he could not tell whether the defendant who actually performed the operation used a certain described instrument inside the rectum or whether he pulled the parts out, was not erroneously admitted, since it was a part of the testimony of the witness in describing the acts and doings of the defendants at the time of the operation, and the witness swore that he was present, and that the defendant used a described instrument, and with it "cut out" certain particles from the plaintiff's person.

(a) The testimony of the plaintiff's husband to the effect that after the treatment by defendant "she grew worse" was not a mere conclusion, in view of his testimony describing her condition and symptoms.

3. The testimony of the plaintiff as to her condition after the operation and treatment by the defendants was properly admitted in evidence, and was not objectionable on the ground that the condition testified about existed after other physicians had treated her.

4. The testimony of practicing physicians who treated the plaintiff after the alleged operation, and their opinions as to her condition and the cause of the condition in which she was found, was properly admitted, in view of the testimony of each of them as to his training and experience. This is true even though they did not qualify as specialists in surgery. The weight to be given their testimony was for the jury. *Towaliga Falls Power Co.* v. *Sims*, 6 *Ga. App.* 749 (10), 759 (65 S. E. 844).

5. The testimony of the plaintiff, concerning efforts she had made to locate the trained nurses who had attended her after the treatment and operations by the defendants, could not have been harmful to the defendants, since no presumption prejudicial to the plaintiff arose from her failure to produce such witnesses. *Bank of Emanuel* v. *Smith*, 32 *Ga. App.* 606 (2) (124 S. E. 114).

6. In view of the uncontradicted testimony that one of the defendant physicians had discontinued the treatment of the case and left for Florida, the testimony of the plaintiff that she employed another physician after that defendant had "quit my case," and after she had made an effort to induce that defendant to return to the treatment, was not misleading or prejudicial, and was properly admitted.

7. The charge of the court to the effect that the burden was on the plaintiff to prove all the allegations made in her petition, except the allegations as to the residence of the defendants, was not error because, as contended, it failed to instruct the jury that the burden was on the plaintiff to show a want of "due care, skill, or diligence" on the part of the defendants. The petition alleged that the defendants had failed to exercise the degree of care and skill ordinarily practiced by physicians and surgeons engaged in the same general line of service, and the jury were further instructed by the court as to the duty resting upon the defendants.

8. The charge of the court in substantially the language of the first division of this decision was not erroneous as placing a greater or additional burden upon the defendants than provided by law, for the alleged reason that the court used the expression "care, skill, and diligence," instead of the words "care and skill" as employed by the code, in defining the duty resting upon the defendants. *Georgia Northern Ry. Co.* v. *Ingram*, 114 *Ga.* 639 (40 S. E. 708).

9. One of the grounds of exception complains that the court erred in charging the jury that one of the defendants, Dr. Smith, contended that even if the muscle was cut, and the cutting thereof was negligence, it was not his act, and he was not responsible for the consequences, and that if there was no participation by Dr. Smith in the act, and no concert of action between the defendants, and no procuring, counseling, or advising of the act by Dr. Smith, he would not be liable for such act if it was done. Exception is taken to this charge for the reason that the theory of defense indicated by it was not advanced by the defendant Smith, and it is contended that to present the same to the jury was confusing, misleading, and prejudicial to the defendants. While it is true that the whole pressure of the case centered upon the question whether the defendants had or had not cut the muscle previously re-

ferred to, each of the defendants contending that such was not the case, the fact that the court suggested that one of the defendants might not be liable for the act of the other can not be taken as prejudicial to either of them, or as an expression of opinion upon the facts of the case, since it was clearly indicated, throughout the charge, that each of the defendants denied that the act complained of had been committed.

10. The ground of the motion for a new trial that the petition does not authorize a recovery for past, present, and future pain and suffering is not borne out by an examination of the record. The petition does ask for damages in a stated amount for the injury complained of, and sets forth that the injury continues, and will continue for the remainder of the plaintiff's life.

11. The court did not err in permitting the plaintiff, prior to the submission of the case to the jury, to amend her petition by setting forth that she did not know upon which of the three occasions when operations were performed by the defendants the muscle referred to had been cut, but that it was cut upon either the first, the second, or the third operation performed by them, thus changing the original allegation that it was cut upon the first of these operations. One of the functions of amendments is to permit a plaintiff to make the pleadings conform to the facts as they might have been developed by the testimony. There is nothing to indicate that the defendants were deprived of any right by this amendment, or that they were debarred from making any proof which they may have desired to make with reference thereto.

12. The remaining grounds of exception relate to proof by the plaintiff's husband of the circumstances surrounding the employment of the defendants. He testified that just prior to their employment he read an advertisement signed by the defendant Smith, and published in one of the daily papers having a large circulation, setting forth their skill in this particular line of surgery, and that he was thereby induced to employ them. This evidence having been admitted over objection, it was subsequently, on motion of the defendants, ruled out; whereupon the defendants insisted that the court declare a mistrial, on the ground that testimony of such character was calculated to prejudice the defendants in the minds of the jury. The judge, having ruled out the testimony, declined to declare a mistrial. His judgment in so doing can not be held to be such an abuse of discretion as would make it necessary to set aside the verdict and judgment.

13. While the evidence did not demand the verdict in favor of the plaintiff, there was an abundance of testimony to authorize it, and it can not be set aside for any of the reasons urged. Nor can it be said that the amount of the verdict was excessive.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 10, 1929.

*Norman I. Miller,* for plaintiffs in error.
*Oliver C. Hancock, Thomas J. Lewis,* contra.