*J. E. Craigmiles, A. M. Lacy,* for plaintiff.
*Titus & Dekle,* for defendant.

23349. GILES *et al.* v. DICKEY.

STEPHENS, J. 1. This being a suit to recover damages for the death of a person who was the wife of one of the plaintiffs and the mother of the other one, alleged to have been caused by negligence of the defendant, who was a dentist, in administering an anaesthetic to the deceased while preparing to extract her teeth, and there being evidence that the defendant was a regularly licensed dentist who had practiced his profession for about nine years, that he graduated in dentistry and as part of the course took two years in medicine, that after the deceased went to the defendant's office for the purpose of having some teeth extracted, he administered to her an anaesthetic known as "nitrous oxide" or "gas oxygen," which is recognized generally by dentists and physicians as being the safest anaesthetic, and is the same kind of gas used by dentists generally everywhere, that the defendant used only the gas and no drugs, and administered the gas with a machine made for this purpose, that it is the latest machine "put out by the Hydebrink Gas Machine people," and is recognized generally by dentists as being the best machine for administering gas, and is one of the best machines made, that this particular machine had been properly maintained and kept in perfect condition, and had been regularly tested by competent persons, including two dental-supply institutions and a representative of the manufacturer, and had never been found out of order, that nothing has been done to the machine since, and it has been used in the administration of the gas, that before proceeding to administer the gas, the defendant examined the heart of the deceased with a stethoscope, examined her breathing and lung action, and found nothing wrong and nothing to indicate that he could not use the anaesthetic, that about ten days prior thereto he had administered to the deceased the same anaesthetic, that dentists should be persons competent to examine the heart and lungs and other organs of the body, and that in the opinion of physicians, where a gas of the character described was administered to a patient under the conditions named and the patient died, death was not due to the administration of the gas but to some circulatory failure or interference, the inference was authorized that the defendant, in the treatment of the deceased and in the administration of the anaesthetic, was not negligent, but exercised the care legally

required of him under the circumstances, and the verdict found for the defendant was authorized. *Akridge* v. *Noble*, 114 *Ga.* 949 (41 S. E. 78).

2. The court did not err in overruling the plaintiffs' motion for a new trial, which was based on the general grounds only.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JANUARY 29, 1934.

*Robert F. Turnipseed,* for plaintiff.
*Bryan, Middlebrooks & Carter,* for defendant.