28516. BRYAN *v.* GRACE.

DECIDED OCTOBER 16, 1940.

374

R. J. Bacon, for plaintiff.

Leonard Farkas, Walter H. Burt, for defendant.

SUTTON, J. Mrs. L. C. Bryan brought suit against Dr. R. L. Grace, in three counts. The first count alleged, that the defendant was a practicing doctor of dentistry and dental surgery; that on or about July 1, 1937, she went to his office in Albany, Georgia, for the purpose of having her teeth examined and receiving proper advice and treatment in connection with them, and determining whether or not they should be extracted; that the defendant did not take any x-ray of her teeth, but undertook to treat them, assuring her that she did not need to have her teeth pulled, but that they could be treated successfully and her mouth cured; that said advice was unskillful and negligent; that the teeth that remained in her mouth at the time that she went to the defendant were all badly affected with pyorrhea in the extreme state of such disease, and there were pockets of pus under each of the teeth, and an x-ray would positively have disclosed the presence thereof; that in trying to treat her teeth an x-ray should have been taken before any other course should be pursued than extracting all of the teeth; that the defendant pulled only three of her teeth, when he should have pulled out all of her remaining teeth; that when she went to his office all of her lower teeth were in her mouth except one wisdom tooth and one front tooth; that by reason of the negligent and unskillful acts of the defendant, who undertook the impossible job of treating her teeth instead of extracting them, the plaintiff has been caused to suffer untold pain and misery and her life has been in danger because of the poisoned condition of her system from the said teeth that needed extracting, and the toxic condition of her body brought on great agony and pain, and she has had to have extensive medical treatment for the systemic poison; that she has had to have her teeth extracted since that time; that the cause of all her affliction since that time has been the teeth remaining in her mouth, which by proper dental care should have been extracted; that on February 20, 1939, she had her lower right molar extracted, on February 23, 1939, three teeth on the lower right side, on March 18, 1939, two teeth, and some time in June, the exact date being unknown, two more teeth, so that there

now remain only two other teeth in her head that should have been extracted by the defendant.

The second count contained allegations similar to those in the first count, except that she alleged that the defendant's advice was wilfully wrong, in that her teeth then and there demanded extraction by reason of their condition, and the defendant wilfully refused to extract the teeth, and advised instead that plaintiff should come to him repeatedly for treatment of the teeth, thereby seeking to secure a great number of visits to his office by plaintiff, for each of which there would be a charge, and thereby plaintiff would not only have been much in his company but would have run up a very large dental bill; that her teeth were all badly affected with pyorrhea in the extreme stage of such disease, there were pockets of pus under each of the teeth, and an x-ray would positively disclose the presence of such pockets; that in trying to treat the teeth an x-ray should have been taken before any other course should be pursued except that of extracting all of the teeth; that the motive of the defendant in refusing to extract the teeth was to require the plaintiff to come on frequent visits to his office over a long period of time; that after she refused to go on with his treatments he wrote to her frequent letters asking her to return to his office for treatment; and that he came to her personally to induce her to return to his office, which she positively refused to do.

The third count contained allegations similar to those in the second count, with the additional allegations that as a patient of the defendant she was required to come for her appointment at six o'clock in the afternoon, which was the time when the assistants in his office had finished their work and completed their hours for the day, and were leaving; that she arrived at ten minutes to six and the defendant scolded her for not coming at six and said for her to come next time exactly at six, not five minutes before and not five minutes after; that in accordance with these instructions and this appointment she arrived for her next dental work promptly at six o'clock in the afternoon, just as the assistants in and about the defendant's work were leaving the building; that the defendant put her in the dental chair as usual, but then diverted from his usual course with her by bringing in material to spread on the floor for a pallet, and did spread out a pallet on the floor, which was entirely unnecessary for dental operations and entirely incon-

sistent with the idea of work on her teeth; that when, in addition to that, the defendant unbuckled his belt that held up his trousers and made a gesture as if to unbutton his trousers in front, she turned and immediately left his office and has not been back since; that this was indecent conduct on the part of the defendant towards his patient, and was in violation of the statute of Georgia making it criminal for a dentist to act indecently towards his patient; and that it was his intention then and there by the acts aforesaid to suggest and invite the breach of plaintiff's marital vows on her part and to solicit sexual intercourse with her. She prayed for general, actual, and exemplary damages in the sum of $10,000.

The defendant filed general and special demurrers. The plaintiff amended by adding to each count of the petition allegations that when the defendant examined her teeth her mouth was in such a condition that any dentist or medical doctor ought to have known by simple inspection that she had pyorrhea in a very advanced stage, and that extraction of her teeth was necessary to protect her from systemic poison by reason of the diseased teeth; that the demurrers filed in the present proceeding have been ruled on between the parties in the city court of Albany, in favor of plaintiff, and no exception to such ruling was taken by the defendant, and that the present action is a renewal of the case in the city court of Albany within six months of its dismissal; and that the ruling on demurrers is binding on the defendant, and the same grounds of demurrer can not be renewed. The defendant renewed his demurrers to the petition as amended, and demurred on additional grounds. The court passed an order reciting that after hearing the defendant's demurrers it allowed the plaintiff further time in which to amend, which amendment was filed and allowed subject to demurrer; and that, the defendant having renewed all grounds of the original demurrer, the demurrers were sustained on all grounds thereof. The exception is to that judgment. The defendant demurred specially to the allegation in respect to an alleged prior determination against the defendant, in the city court of Albany, of the demurrers filed therein by the defendant, similar to those in the present proceeding, the ground here alleged being that the allegation was vague, indefinite, and uncertain in its failure to attach a copy of the entire proceedings in the city court, so as to show what judgment was rendered, and whether or not the same

had become final or was pending; and that the allegation as to a dismissal failed to show whether it was voluntary or involuntary, or any part of the action dismissed by verdict of a jury and judgment of the court.

The defendant was entitled to a more definite statement than that shown by the pleadings; and the plaintiff failing to amend as directed by the court and recited in its judgment, the special demurrer in this respect was properly sustained by the court. Stripped of this allegation, and irrespective of the merits of the other grounds of the special demurrers, the petition did not set forth a cause of action in any of its counts, and the court properly sustained the general demurrer and dismissed the suit. It is alleged in count 1, that, "by reason of the negligent and unskillful acts of the defendant" in undertaking "the impossible job of treating her teeth instead of extracting them," the plaintiff has been caused to suffer untold pain and misery, etc. This is the only attempt to set out any negligence as to any act performed, and fails in its purpose to show any lack of skill in what the defendant *did,* although it is elsewhere alleged that his advice that she did not need to have her teeth extracted, and that they could be treated successfully and her mouth cured, was unskillful and negligent. It is not shown that she contracted to have her teeth extracted. It is generally held that the duty resting upon a dentist in the practice of his profession is the same as that of a physician or surgeon, and such similar legally required care has been recognized by this court in *Giles* v. *Dickey,* 48 *Ga. App.* 360 (172 S. E. 760), citing *Akridge* v. *Noble,* 114 *Ga.* 949 (41 S. E. 78). The *Akridge* case involved alleged malpractice by a surgeon. "A person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be a tort for which a recovery may be had." Code, § 84-924. The standard prescribed by the Code, "when applied to the facts and circumstances of any particular case, must be taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by the profession generally." *McLendon* v. *Daniel,* 37 *Ga. App.* 524, 528 (141 S. E. 77); *Hughes* v. *Weaver,* 39 *Ga. App.* 597 (148 S. E. 12); *Radcliffe* v. *Maddox,*

45 *Ga. App.* 676, 680 (165 S. E. 841). The physician or dentist must not only have the requisite care and skill, but must exercise these qualifications. *Hinkle* v. *Smith,* 12 *Ga. App.* 496 (77 S. E. 650); *Grubb* v. *Elrod,* 25 *Ga. App.* 108 (102 S. E. 908); *Mc-Lendon* v. *Daniel,* supra; *Richards* v. *Harpe,* 42 *Ga. App.* 123 (11) (155 S. E. 85); *Chapman* v. *Radcliffe,* 44 *Ga. App.* 649 (162 S. E. 651).

Count 1 does not, by averment of specific facts, show any negligence on the part of the defendant in the act of treating or attempting to treat the plaintiff's teeth or any resulting injury by reason of treatment administered. While it is alleged that the toxic condition of her body brought on great agony and pain, and that the cause of all her affliction has been due to the fact that her diseased teeth remained in her mouth instead of being extracted, it is not shown that the toxic condition did not exist before her visit to the defendant, or that whatever treatment he administered for an undisclosed period of time aggravated the condition. Construed most strongly against the pleader, these allegations must be taken as showing that the condition existed before any treatment was administered by the defendant, and was not aggravated by him. The real gravamen of the complaint is shown to be merely that the defendant was negligent only in that he attempted to render aid by treating her teeth, whereas in the opinion of the pleader he should have extracted the teeth. In other words, only an error of judgment is charged, and to show that the teeth should have been extracted it is alleged that they were all badly affected by pyorrhea in an advanced stage; that an x-ray should have been used and would have disclosed the presence of pus, and that her mouth was in such a condition that the defendant ought to have known by a simple inspection that the plaintiff had pyorrhea in a very advanced stage. But these allegations do not charge that he did not know that pus was prevalent about the teeth, or that he did not administer his treatment with knowledge of such condition. Assuming that the presence of pus was known to the defendant, as it is alleged he should have ascertained by a simple inspection, it was nevertheless within his professional discretion to decide as to which of two or more approved methods should be used in administering to the patient. It is not alleged that the treatment begun by him was not one generally approved by the profession.

Even with knowledge of the prevalence of pus, he may reasonably have been of the opinion that it would be a hazardous and dangerous proceeding to extract the teeth with probable release of the pus into the blood stream, and that the condition of the teeth made it prudent or imperative that he forego the extraction of more than the three teeth mentioned in the petition. To him it may reasonably have seemed far more safe and efficacious to eliminate the pus by treatment. A dentist is not an insurer or warrantor that the exercise of his professional judgment will effect a cure of the patient. Nor is he obliged to bring to the exercise of his profession the utmost skill; if he measures up to the qualifications and applies the reasonable care and skill required by the Code, he is not responsible for a mistake of judgment. If, however, an error in judgment is so gross as to be inconsistent with that degree of care and skill which a dentist should possess and exercise, liability may result where injury is produced. The allegation, in effect, that it was an error of judgment on the part of the defendant in failing to extract the plaintiff's teeth amounts only to a conclusion or opinion of the pleader; and without supporting facts which would make a jury question as to whether or not such conduct is equivalent to a lack of the legally required professional care and skill, it is not good even against a general demurrer. No cause of action was set forth in count 1, and the court properly sustained the general demurrer in that respect.

Count 2 alleges that the defendant's advice that the plaintiff's teeth should be treated was wilfully wrong, for the reason that their condition demanded extraction. Here again only the conclusion of a layman is set forth, without any specific facts being alleged to support the conclusion. Equally opinionative is the allegation that the dentist's purpose in advising treatment was merely to run up a large bill. If in good practice treatment of pus-infected teeth was an approved method, the contrary of which is not alleged, the dentist was within his professional right in refusing to extract the plaintiff's teeth when she visited him, and no fact is alleged which would require submission to a jury of any question as to whether or not the exercise of his judgment was unskillful. It is shown that the plaintiff refused to co-operate with the defendant; that he nevertheless besought her by letters and by a personal call to return to his office for treatment; and that she still refused to

submit herself to his ministrations. In these circumstances she can not complain of any ill consequences which it is not shown that the defendant caused. The second count set forth no cause of action, and the court did not err in sustaining the general demurrer.

The allegations of count 3, which are similar to those in count 2, are controlled adversely to the plaintiff by what is said above. Aside from the fact that the other allegations which seek to set out an assault and indecent conduct are not good as against the special demurrer on the ground that the pleader attempts to join dissimilar causes of action, they do not of themselves set forth a cause of action. Assuming that the alleged acts of the defendant constitute improper conduct and suggest the idea that but for the sudden departure of the plaintiff he would have made an indecent proposal to her, no facts are set forth which show any assault and battery or any legal wrong. The violation of a mere moral obligation does not give rise to a cause of action. *Atkinson* v. *Bibb Mfg. Co.,* 50 *Ga. App.* 434 (178 S. E. 537); *Clack* v. *Thomason,* 57 *Ga. App.* 253 (195 S. E. 218). It alleged that the defendant's conduct was in violation of the statute of this State, making it a crime for a dentist to act indecently towards his patient, and in the brief of counsel for the plaintiff we are cited to the act of 1897 (Ga. L. 1897, p. 119). That act, in section 7, contained a provision which was codified in section 471 of vol. 2 of the Code of 1910, as follows: "Any dentist who shall be guilty of . . indecent conduct toward patients . . shall be guilty of a misdemeanor, and his license to practice dentistry shall be revoked by the Board of Dental Examiners." The act of 1920 (Ga. L. 1920, p. 132), regulating the practice of dentistry, contained a provision, section 13, (Code of 1933, § 84-9908) as follows: "If any dentist shall be guilty of cruelty, incapacity, unskillfulness, gross negligence, indecent conduct towards patients or any such professional misbehavior, or show unfitness upon the part of the dentist to practice, he shall be guilty of misdemeanor and his license to practice dentistry shall be revoked by the Board of Dental Examiners." This statute impliedly repealed the provision of the act of 1897, above set forth. By the act of 1937 (Ga. L. 1937, p. 627), amending the act of 1920, the provisions of section 13, as codified in § 84-9908 of the Code of 1933, were expressly repealed, and a new section 13, without penal sanction, was substituted.

This section provides for revocation or suspension of a dentist's license by the Board of Dental Examiners after a hearing, and in the event of a finding of guilt of certain named acts including, among others, "gross unprofessional dental conduct," meaning, among its stated definitions, "gross indecency." (The annotators of the Code of 1933 have, in a supplement to Book 24, Title 84, of the annotated Code of 1933, shown the above-mentioned provisions of the act of 1937, supra, as § 84-724.) Thus the misconduct of the dentist as charged in the petition, if constituting a misdemeanor under the act of 1897, relied on by counsel for the plaintiff, does not now, without more, subject him to prosecution for a misdemeanor; and the foregoing discussion is made in answer to the argument of counsel. The third count in no wise sets forth a cause of action, and the court properly sustained the general demurrer thereto.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*