30598. BUICE *v.* CITIZENS & SOUTHERN NATIONAL BANK, administrator.

DECIDED SEPTEMBER 20, 1944.

*O. C. Hancock, E. L. Fowler,* for plaintiff.
*Powell, Goldstein, Frazer & Murphy,* for defendant.

SUTTON, P. J. 1. The motion of the plaintiff in error to amend the bill of exceptions, so that the defendant in error will be designated as the Citizens & Southern National Bank as administrator of the estate of Harrison F. Anderson, deceased, is allowed.

This case has been here once before, and a statement of the pleadings is set out in the report of the case in 69 *Ga. App.* 265 (25 S. E. 2d, 96). It was alleged by the plaintiff, among other things, that two negro boys, employees of her husband, were engaged in killing and dressing chickens in the yard just back of her husband's storehouse, where she worked, when "the defendant, Harrison F. Anderson, came near the place where these boys were at work, and on the premises of the plaintiff's husband, began cursing and abusing said boys, calling them all kinds of vile names, threatening them by calling them 'God damn black sons of bitches.'

That the cursing and abuse of said boys was in a loud and boisterous voice; that she walked to the rear door in plain view of the defendant; that she asked him in a kind, orderly, and peaceful manner to please leave the boys alone, as they had to dress the chickens and perform their duties as employees of plaintiff's said husband. Then it was, in reply to this appeal, that the defendant told petitioner he was going to kill the 'God damn sons of bitches' (referring to said employees), and then, without cause, directed petitioner to get back in the house and to shut her mouth. That in addition thereto, in a loud and boisterous manner, defendant stated to petitioner that she would be hit on the head herself. . . That the defendant left the storehouse and went over to his own home adjoining said storehouse to get a shotgun, and did get a shotgun as aforesaid stated, and returned to the place of business of the husband of petitioner, as aforesaid stated, coming with said shotgun toward petitioner, and when reaching a point of about twenty feet from petitioner, and in the storehouse of petitioner, plaintiff did then become so frightened and scared on account of the shotgun in the hands of the defendant, as aforesaid, that it caused her to faint and become unconscious, in which condition she had to be carried to her home and placed in bed where she was forced to remain under the care of doctors for three months approximately." It was alleged that the defendant was drunk at the time, and that said conduct was wilful, deliberate, and malicious, and resulted in the plaintiff suffering a nervous breakdown and caused her to suffer mentally and physically.

In the majority opinion of this court holding that the petition set out a cause of action, it was said: "While it is alleged that the plaintiff was in the storehouse of her husband, she was nevertheless where she had a right to be, and as between her and the defendant his acts in coming on the premises amounted to a trespass as against the plaintiff, and his conduct in her presence in threatening to kill the boys, threatening to hit the plaintiff, and then going away and coming back in a drunken condition with a shotgun which was exhibited to the plaintiff, were wilful and wanton acts against the right of the plaintiff. While the defendant may not have expressly threatened to use the shotgun in any manner on the plaintiff, and may not have had any such intention, his conduct, while in an intoxicated condition, in threatening to hit the plaintiff and

shoot the boys in her presence, and in exhibiting the shotgun in her sight, was such conduct as might cause the plaintiff to fear that he would commit bodily harm on her or on the boys, and thus cause her to become frightened. The defendant by such conduct committed a wilful tort on the plaintiff, and she is entitled to recover for the alleged fright and other physical and mental injuries sustained by her which proximately resulted from the defendant's conduct."

The decision of this court fixed the law of the case, but let us look to the facts that appeared upon the trial of the case. It appeared that Anderson owned the house in which he lived and also owned the storehouse rented to the plaintiff's husband, and that there was an alley between his residence, and the storehouse. The jury was authorized to find from the evidence that Anderson did not go upon or invade the premises of the plaintiff's husband, as was alleged in the petition, but that he only went to the alley-way between his residence and the storehouse, during the controversy in question; that he cursed and threatened to kill the two negro employees of the plaintiff's husband for throwing rocks at Anderson's cats and against his house, but that he did not curse or in any way threaten the plaintiff; that he did go and get his shotgun, but made no attempt to shoot the negroes or anyone else, and did not go on the premises or into the storehouse occupied by the plaintiff's husband, this being the place where the plaintiff was working; that the plaintiff did not see Anderson with the shotgun, and that he did not threaten to shoot her or exhibit the gun to her.

There was testimony by officers who were called to the scene of the alleged disturbance, and also by other witnesses there at the time, to the effect that Anderson was not in a drunken condition, as contended by the plaintiff. The evidence contained in the record is quite voluminous, but it is not deemed necessary for the purpose of this decision to refer to it at length; it failed to show that the defendant committed a trespass against the plaintiff by going on the premises where she was, as contended in the pleadings; it failed to show that he threatened to hit the plaintiff, or that he exhibited a gun to her while in an intoxicated or drunken condition. The jury was authorized to find from the evidence that no wilful tort was committed against the plaintiff by the defendant. Cursing and threatening the negro employees in the presence

of the plaintiff was not such conduct on the part of the defendant as would authorize a recovery by the plaintiff against him for a wilful and wanton tort. See *Alkinson* v. *Bibb Mfg. Co.*, 50 *Ga. App.* 434 (178 S. E. 537) ; *Kitchens* v. *Williams*, 52 *Ga. App.* 422, 424 (183 S. E. 345) ; *Bryan* v. *Grace*, 63 *Ga. App.* 373, 380 (11 S. E. 2d, 241): The verdict for the defendant was authorized by the evidence, and the court did not err in .overruling the general grounds of the motion for a new trial.

■ It is alleged in special ground 1 that the court erred in charging the jury as follows: "I charge you, gentlemen, that cursing of another not amounting to slander is not a violation of a legal right or duty capable of enforcement by process of law. I further charge you that the plaintiff in this case can not recover for the cursing of the negroes in her presence. Vile and reprehensible conduct and vulgar language in the presence of the plaintiff will not authorize her to recover. It will be for you to say from the evidence whether or not there was any threat to kill 'the God damn sons of bitches' [referring to the employees], and you will determine from the evidence whether that threat applied to her. I have stated to you that vile language, abuse, or cursing, is not a matter of a recovery by law. I state to you further that a command or order to shut her mouth and get back in the house is not a matter of recovery and is not a subject to recovery." The exception to the charge is, "that said charge is not the law and not applicable to the facts in this case, and that the same is highly prejudicial and hurtful to movant." This charge was not error for any reason assigned. It was adjusted to the facts of the case and was authorized by the evidence, and stated a correct principle of law as ruled by this court in *Atkinson* v. *Bibb Manufacturing Company*, *Kitchens* v. *Williams*, and *Bryan* v. *Grace*, supra.

■ Special ground 2 complains of the following charge of the court: "In her second amendment she alleges that the defendant left the storehouse and went over to his own home adjoining said' storehouse to get a shotgun and did get a shotgun and returned to the place of business of the husband of petitioner, coming with said shotgun toward petitioner, and when reaching a point about twenty feet from petitioner and in the storehouse of petitioner, plaintiff did then become so frightened and scared on account of the shotgun in the hands of the defendant that it caused her to

faint and become unconscious. She charges also that he was intoxicated at said time and place. And she alleged that on account of said conduct and the scare and fright to her from the appearance of defendant with said shotgun and in a drunken condition that she suffered and continues to suffer a nervous breakdown. Now, gentlemen, you will determine from the evidence what the facts here are. I have stated to you that the parties in this case, both of them, are bound by the pleadings as amended, and if there is any ambiguity or uncertainty in the pleadings, that would be a matter the court should interpret for you. What the facts are as applied to the pleadings as amended is for you to determine." The error assigned is, "that said charge is not the law and not applicable to the facts in this case; that the same is highly prejudicial and hurtful to movant." No error is shown by this ground of the motion. In the first part of the excerpt the court was stating to the jury the contentions of the plaintiff as contained in the amendment referred to, and elsewhere in his charge he told the jury that the pleadings would be out with them, and that they could refer to the pleadings as often as they might deem necessary to determine more particularly just what the contentions of the parties were as contained in the pleadings. In the second part of the charge excepted to the court instructed the jury that it was for them to determine what the facts of the case were.

■ Special grounds 3 to 8, inclusive, complain of the admission of certain testimony over the objection of movant. The six witnesses whose testimony was objected to were among the plaintiff's neighbors, friends, and relatives during her girlhood days when she lived in Forsyth County, and they testified to the effect that she had "spells" when she was a young woman in Forsyth County, and most, if not all of them, had seen her at different times when she would be having these sick spells, and that her folks and others would have to rub her to revive her, and that she looked weak and pale. In each of these grounds the objections to the testimony was as follows: "I make a motion to rule out all the evidence on the ground that it is wholly immaterial; it has no probative value in the case. I object on another ground that any condition that she might have had at that time back in Forsyth County in her girlhood days is wholly immaterial to any issue." The court admitted the testimony of each of these witnesses under the following

568

ruling: "I allow this testimony only for the purpose of going to the credit of those witnesses who have testified in the case heretofore." Mrs. Buice had testified that she had never suffered with fits or any spells previous to the time that she had the fainting spell in the storehouse of her husband on July 12, 1941, and her testimony was in conflict with the testimony objected to. After this ruling was made, there was no other or further objection made to the aforesaid testimony. In *Mickle* v. *Moore,* 193 *Ga.* 150, 153 (17 S. E. 2d, 728), the Supreme Court said: "The record shows that although defendants' counsel objected to the evidence when offered, a ruling of the court subsequently to that objection, limiting the evidence to one specific issue and to only one defendant, was not challenged. After such ruling by the court the defendants were aware of the purpose for which the evidence was admitted, and made no further objection to it. Therefore, no valid assignment of error can be based on the ruling of the court in thus admitting the evidence." There is no valid assignment of error based on the ruling in thus admitting the testimony in question.

■ The verdict was authorized by the evidence, no material error of law is shown, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Parker, J., concurs. Fellon, J., concurs in the judgment.*