## 38924. SUMMEROUR v. LEE.

NICHOLS, Judge. Dr. B. H. Lee sued Clay Summerour to recover for certain dental work performed for the defendant. Such services were rendered the defendant's daughters. The defendant filed an answer in which he admitted a prima facie case but pleaded a total failure of consideration and

sought by way of cross-action to recover for the alleged malpractice of the plaintiff. No rulings on the pleadings appear from the record to have been invoked, and on the trial of the case a verdict was directed for the plaintiff in the full amount sued for. The defendant assigns error on such judgment adverse to him. The only evidence introduced as to the skill of Dr. Lee was his own testimony which showed that the work was not negligently done and the testimony of the defendant and two of his daughters to the effect that the work was negligently done and that later some of it had to be done over by another dentist, and there was no evidence introduced that the dental work was not done in accordance with the degree of care and skill, as is ordinarily employed by the profession generally under similar conditions and like surrounding circumstances. *Held*:

1. The duties and responsibilities of a dentist to his patient are controlled by the same rules of law as control the duties and responsibilities of a physician and surgeon. *Bryan v. Grace*, 63 Ga. App. 373 (11 SE2d 241); *Giles v. Dickey*, 48 Ga. App. 360 (172 SE 760).

2. "In an action brought by a patient against his physician or surgeon for malpractice, the presumption is that the medical or surgical services were performed in an ordinarily skilful manner, and the burden is on the one receiving the services to show a want of due care, skill and diligence. *Ga. Northern Ry. Co. v. Ingram*, 114 Ga. 639, 640 (40 SE 708); *Akridge v. Noble*, 114 Ga. 949, 958 (41 SE 78); *Fincher v. Davis*, 27 Ga. App. 494 (2) (108 SE 905); 21 R. C. L. 406; Taylor, Med. Jur. 356. And in such a case the proof ordinarily required to overcome such presumption of care, skill, and diligence is that given by physicians or surgeons as expert witnesses. *Pilgrim v. Landham*, 63 Ga. App. 451 (4) (11 SE2d 420); *Howell v. Jackson*, 65 Ga. App. 422 (16 SE2d 45); 70 C. J. S. 1006-1008, § 62; 41 Am. Jur. 238, § 128. More than twenty-three hundred years ago Aristotle, in his work on politics, wrote: 'As the physician ought to be judged by the physician, so ought men to be judged by their peers.' And for centuries the courts of this and other countries have, almost without exception, held that expert medical evidence is required to establish negligence respecting the service a physician or surgeon renders his patient. In *Pilgrim's* case, supra, the Court of Appeals quoted with approval from Schu-

macher v. Murray Hospital, 58 Montana 447 (193 P. 397, 403), where it was held: 'Of course, in the absence of expert testimony in behalf of the plaintiff in a malpractice case, the court is not justified in submitting the same to the jury. But, when competent expert evidence has been received, it is to be considered by the jury only as other evidence in the case.' It is the general rule in this jurisdiction that laymen, even jurors and courts, are not permitted to say what is proper medical and surgical treatment, for that is a medical question. But where the result of a medical treatment is so pronounced as to become apparent, as where a leg or limb which has been broken is shorter than the other after such treatment, or where a doctor undertakes to stitch a wound on his patient's cheek, and, by an awkward move, thrusts the needle into the patient's eye, this fact may be testified to by anyone competent to testify; and cases of such character are the only exception in this jurisdiction to the general rule requiring expert medical testimony to show negligence respecting a physician's or surgeon's service to his patient. See in this connection, James v. Grigsby, 114 Kan. 627 (220 P. 267), which was cited with approval in *Pilgrim's* case, supra." *Shea v. Phillips*, 213 Ga. 269, 271 (2) (98 SE2d 552). See also *Carroll v. Griffin*, 96 Ga. App. 826 (101 SE2d 764).

3. In the absence of expert testimony to establish "malpractice" and in the absence of a showing that the alleged "malpractice" was of a type where expert testimony was not required, a verdict for the dentist is demanded on such issue, and since a prima facie case was admitted and there was no evidence on which a jury could find that any part of the consideration failed since there was no evidence that the dentist had not used the proper degree of skill in doing the dental work on Summerour's daughters, the judgment directing a verdict for the plaintiff must be affirmed.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED JUNE 29, 1961.

*Frank B. Stow, Robert E. Andrews,* for plaintiff in error.
*W. Hays Pickett,* contra.