40343.   WILSON v. KORNEGAY.

DECIDED SEPTEMBER 16, 1963.

*William A. Zorn,* for plaintiff in error.

*Joe Thomas,* contra.

NICHOLS, Presiding Judge. 1. The evidence showed without dispute that on September 15, 1959, the plaintiff went to the defendant for treatment of an abscessed tooth and for which she paid the defendant his fee. It is also undisputed that on the night of the same day she obtained treatment from a physician and was hospitalized for a four day period, and that later another dentist removed the roots of the tooth which the defendant had originally treated. According to the testimony of the plaintiff the defendant shot something into her gum and immediately began to pull the abscessed tooth, broke a piece of it off and after he pulled another piece of tooth out of the plaintiff's mouth stated "I think I got it all." The plaintiff further testified that she was not advised to return for further treatment.

The defendant testified that he did not attempt to extract the tooth and the reason he "didn't attempt an extraction on that particular day was she wasn't ready for it, she had to have some treatment and get some swelling out." He also testified that he shot novocain into a nerve (mandibular) back of the infected area, lanced the abscess and treated the infection by spreading some medicine on it and merely removed a part of the tooth that had broken off either by biting something hard or for some other reason was just lying loose.

Expert witnesses for the plaintiff testified that an extraction should not have been attempted until the infection was cured according to the best and most proper clinical treatment, and that the method used to combat the infection would be to treat the patient with antibiotics, that it would not be good medical practice to lance the area or to treat the infection by placing sulphur or other drugs directly on the area if it was lanced. Other testimony was also adduced showing that an extraction had been attempted. This testimony was based on the manner in which the tooth was broken.

"1. The duties and responsibilities of a dentist to his patient

are controlled by the same rules of law as control the duties and responsibilities of a physician and surgeon. *Bryan v. Grace,* 63 Ga. App. 373 (11 SE2d 241); *Giles v. Dickey,* 48 Ga. App. 360 (172 SE 760). 2. 'In an action brought by a patient against his physician or surgeon for malpractice, the presumption is that the medical or surgical services were performed in an ordinarily skillful manner, and the burden is on the one receiving the services to show a want of due care, skill and diligence. *Ga. Northern R. Co. v. Ingram,* 114 Ga. 639, 640 (40 SE 708); *Akridge v. Noble,* 114 Ga. 949, 958 (41 SE 78); *Fincher v. Davis,* 27 Ga. App. 494 (2) (108 SE 905); 21 R. C. L. 406; Taylor, Med. Jur. 356. And in such a case the proof ordinarily required to overcome such presumption of care, skill and diligence is that given by physicians or surgeons as expert witnesses. *Pilgrim v. Landham,* 63 Ga. App. 451 (4) (11 SE2d 420); *Howell v. Jackson,* 65 Ga. App. 422 (16 SE2d 45); 70 C. J. S. 1006-1008, § 62; 41 Am. Jur. 238, § 128. More than twenty-three hundred years ago Aristotle, in his work on politics, wrote: "As the physician ought to be judged by the physician, so ought men to be judged by their peers." And for centuries the courts of this and other countries have, almost without exception, held that expert medical evidence is required to establish negligence respecting the service a physician or surgeon renders his patient. In *Pilgrim's* case, supra, the Court of Appeals quoted with approval from Schumacher v. Murray Hospital, 58 Montana 447 (193 P 397, 403), where it was held: "Of course, in the absence of expert testimony in behalf of the plaintiff in a malpractice case, the court is not justified in submitting the same to the jury. But, when competent expert evidence has been received, it is to be considered by the jury only as other evidence in the case." It is the general rule in this jurisdiction that laymen, even jurors and courts, are not permitted to say what is proper medical and surgical treatment, for that is a medical question. But where the result of a medical treatment is so pronounced as to become apparent, as where a leg or limb which has been broken is shorter than the other after such treatment, or where a doctor undertakes to stitch a wound on his patient's cheek, and, by an awkward move, thrusts the needle into the patient's eye, this fact

may be testified to by anyone competent to testify; and cases of such character are the only exception in this jurisdiction to the general rule requiring expert medical testimony to show negligence respecting a physician's or surgeon's service to his patient. See in this connection, James v. Grigsby, 114 Kan. 627 (220 P 267), which was cited with approval in *Pilgrim's* case, supra.' *Shea v. Phillips*, 213 Ga. 269, 271 (2) (98 SE2d 552)." *Summerour v. Lee*, 104 Ga. App. 73 (1, 2) (121 SE2d 80).

While the witnesses in the present case did not testify using the words "the defendant was guilty of malpractice" the testimony given was sufficient to authorize the jury to find that the defendant had in fact failed to use "due care, skill and diligence" in treating the plaintiff. Accordingly, the trial court erred in directing a verdict for the defendant and thereafter in overruling her motion for new trial which assigned error on such antecedent ruling.

The plaintiff also assigns error on the direction of the verdict at a time before the defendant had closed his case. Prior to the Act of 1961 (Ga. L. 1961, p. 216; *Code Ann.* § 110-104), there could be no valid motion for a directed verdict made when the defendant failed to introduce any evidence (see *Southern R. Co. v. Scott*, 215 Ga. 739, 743 (2), 113 SE2d 459), and under the provisions of such Act the defendant still must close his case before moving for a directed verdict, and the motion for new trial shows only that the plaintiff had closed her case at the time the motion was made. For this additional reason the trial court erred in granting the defendant's motion for a directed verdict.

2. Special ground 2 of the amended motion for new trial assigns error on the admission of evidence which the plaintiff contends was an attempt to show the plaintiff's motive in bringing the present action to be other than to recover damages. The evidence objected to dealt with whether she had been contacted with reference to some action pending in another part of the State against the defendant, and while it showed that she had been so contacted that it was after the present action was filed. Therefore such evidence would not in any way show the plaintiff's motive in bringing the present action. The objection was properly overruled.

3. The sole remaining question for consideration deals with the exclusion of certain documentary evidence offered by the plaintiff. This ground of the motion for new trial neither sets forth nor refers to the evidence excluded and is too incomplete to be considered. See *Douglas v. American Cas. Co.*, 106 Ga. App. 744 (1) (128 SE2d 364). Therefore, this ground of the amended motion for new trial cannot be considered.

*Judgment reversed. Frankum and Jordan, JJ., concur.*