## 43815. JACKSON v. TUCKER.

EBERHARDT, Judge. 1. It is the general rule in this jurisdiction that expert medical testimony is required to show negligence respecting a physician's or surgeon's service to his patient. *Pilgrim v. Landham,* 63 Ga. App. 451 (4) (11 SE2d 420); *Shea v. Phillips,* 213 Ga. 269 (2) (98 SE2d 552); *Hayes v. Brown,* 108 Ga. App. 360, 363 (1) (133 SE2d 102); *Murphy v. Little,* 112 Ga. App. 517, 518 (1) (145 SE2d 760). And this rule is applicable where on defendant's motion for summary judgment plaintiff offers only his own lay affidavit in opposition to defendant's medical testimony. *Hollis v. St. Joseph Infirmary,* 108 Ga. App. 309 (132 SE2d 841). The only exceptions to this rule are where facts, although connected with medicine, are so well known as not to require expert testimony to place them before the jury, or where the case concerns matters which juries must be credited with knowing by reason of common knowledge. See *Pilgrim v. Landham,* 63 Ga. App. 451, 454, supra; *Shea v. Phillips,* 213 Ga. 269 (2), supra; *Summerour v. Lee,* 104 Ga. App. 73, 74 (2) (121 SE2d 80).

2. The facts of this case do not bring it within any exception to the general rule requiring medical testimony to show medical malpractice, and accordingly there was no error in granting defendant's motion for summary judgment. Cf. *Murphy v. Little,* supra; *Summerour v. Lee,* supra; *Hollis v. St. Joseph Infirmary,* supra.

*Judgment affirmed. Felton, C. J., and Whitman, J., concur.*

SUBMITTED JULY 1, 1968—DECIDED NOVEMBER 21, 1968.

*Rich, Bass, Kidd & Broome, C. Richard Avery,* for appellant. *Troutman, Sams, Schroder & Lockerman, T. M. Smith, Jr., Robert L. Pennington,* for appellee.