## 66348. FOUNTAIN et al. v. COBB GENERAL HOSPITAL et al.

DEEN, Presiding Judge.

Henrietta Fountain and her husband, Danny Fountain, brought a medical malpractice action against Cobb General Hospital and Dr. Arturo Collantes, alleging that the negligent failure to discover and remove an epidural catheter from the spinal column of Henrietta Fountain while she was hospitalized for childbirth was the proximate cause of subsequent surgery requiring the removal of a disc in her spinal column.

Motions for summary judgment were filed by the doctor and the hospital. Dr. Collantes filed an affidavit in support of the motions claiming that he exercised the degree of skill, care and diligence exercised by the medical profession generally in administering the anesthetic, and that the damages and medical condition of Mrs. Fountain were not caused by the epidural catheterization or the failure to remove the catheter immediately following the Caesarean section performed upon Mrs. Fountain. He further stated that he inserted the epidural catheter into the epidural space at the L3-L4 level of the plaintiff's vertebral column, and that inserting the catheter contacted or involved neither the spinal canal nor the intervertebral discs. Dr. Collantes noted that the plaintiff was admitted to Cobb General Hospital on August 19, 1979; that on August 23 Dr. Levine performed a hemilaminectomy at the L4-L5 level, with a foraminotomy of the L4 level and a partial foraminotomy of the L4-L5 level; and that he administered a general anesthetic for these procedures. It was his opinion that the epidural catheterization and the failure to remove the catheter immediately following the Caesarean section did not cause the defects requiring the surgery in August.

A deposition was given by Dr. Levine, Mrs. Fountain's orthopedic surgeon, who performed the back surgery. He was of the opinion that Mrs. Fountain's back condition was not caused either by the epidural catheterization or by the failure to remove it for a period of either three days after delivery (as alleged by the plaintiffs) or less than twenty-four hours later (as alleged by the defendants).

In opposition to the motions, Henrietta Fountain, her mother-in-law (Hazel Fountain) and Nancylee Drew, a registered nurse, filed affidavits. The trial court granted the motions for summary judgment, and the plaintiffs appeals. *Held:*

All of the expert opinions expressed by the physicians who attended Mrs. Fountain indicate that her herniated disc was unrelated to the failure to remove the epidural catheter immediately

following the delivery of her child by Caesarean section. The lay testimony given by Mrs. Fountain and her mother-in-law all relates to the discovery of the presence of the catheter, which they claim was discovered several days following the surgery.

There is a presumption that medical or surgical services were performed in an ordinarily skillful manner, and the plaintiff bears the burden of proving the failure of the exercise of due care and skill. *Shea v. Phillips,* 213 Ga. 269 (98 SE2d 552) (1957). To establish medical negligence, the plaintiff must show a violation of the degree of care or skill required of a physician, and this standard is that which, under similar conditions and like circumstances, is ordinarily employed by the medical profession generally. *Kenney v. Piedmont Hosp.,* 136 Ga. App. 660 (222 SE2d 162) (1975); *Wilson v. Kornegay,* 108 Ga. App. 318 (132 SE2d 791) (1963). Except in extreme circumstances, compliance with these standards must be presented through expert testimony. *Shea v. Phillips,* supra; *Kenney v. Piedmont Hosp.,* supra; *Ga. Osteopathic Hosp. v. Davidson,* 121 Ga. App. 371 (173 SE2d 734) (1970). We find, therefore, that the lay testimony given by the plaintiff and her mother-in-law is insufficient to pierce the expert testimony of the physicians as to whether Dr. Collantes exercised the degree of skill and care exercised generally within the profession. The physicians' expert opinions that the epidural catheterization and the failure to remove the catheter immediately following surgery did not cause Mrs. Fountain's subsequent back problems, which occurred in a location different from that where the earlier procedure was performed, stand unrebutted and must therefore control that issue.

The trial court correctly held that the affidavit of Nancylee Drew, a registered nurse who had taught nursing at two local colleges, is insufficient to pierce the affidavits of the two physicians where the opinion pertains to the exercise of medical judgment or involves decisions and treatment exclusively within the scope of a physician. *Smith v. Hosp. Auth. of Terrell County,* 161 Ga. App. 657 (288 SE2d 715) (1982). There is nothing in the record to indicate that nurse Drew was qualified to express an expert opinion as to the administration of anesthesia or when an epidural catheter should be removed. See *Avret v. McCormick,* 246 Ga. 401 (271 SE2d 832) (1980). She was, however, qualified to express an opinion as to the quality of the nursing care received by the plaintiff. The quality of nursing care, namely, the failure to discover the presence of the catheter, does not become an issue in light of the physicians' expert opinions that the failure to remove it promptly following surgery did not contribute to Mrs. Fountain's back problem.

*Judgment affirmed. Banke and Carley, JJ., concur.*

38

*James B. Drew, Jr.,* for appellants.
*N. Karen Deming, Robert L. Pennington, Scott S. Edwards, Jr., Jerry L. Gentry, James W. Friedewald* for appellees.