## 4569.  HINKLE v. SMITH.

POTTLE, J.  The evidence authorized a finding that the plaintiff had been damaged by reason of unskilful surgical treatment by the defendant. Even if the instructions of the court to the jury which are complained of could be construed as submitting to the jury the issue as to whether the defendant possessed reasonable surgical skill, they were not erroneous.  The jury being authorized to find that the defendant failed to exercise a reasonable degree of care and skill, it is wholly immaterial whether the injury to the plaintiff resulted because the defendant did not possess reasonable skill as a surgeon, or whether, having such skill, he failed to exercise reasonable care in the treatment of the plaintiff. One undertaking to practice medicine or surgery "must bring to the exercise of his profession a reasonable degree of care and skill."  Civil Code, § 4427; *Akridge* v. *Noble,* 114 *Ga.* 949 (41 S. E. 78).  If, in performing an operation, a surgeon fails to exercise such a degree of care or skill, he will be liable for any damage which may ensue, without reference to whether he did not possess the requisite amount of skill or whether he negligently failed to exercise skill which he did possess.  The evidence was conflicting, but the evidence for the plaintiff supported her contention that she sustained damage by reason of the

unskilful manner in which her dislocated shoulder was reset by the defendant, although a finding would have been authorized that the shoulder was properly set, and the plaintiff's injury was the result of a re-dislocation, brought about from causes over which the defendant had no control. The requests to charge, even if legal and pertinent, were fully covered by the charge given. No reason appears for reversing the judgment overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED MARCH 18, 1913.

Action for damages; from city court of Macon—Judge Hodges. October 26, 1912.

*Ross & Parks,* for plaintiff in error. *R. D. Feagin,* contra.