10755.    GRUBBS *v.* ELROD, next friend, etc.

</div>

STEPHENS, J.  1. Even though a physician or surgeon may be skilled in his profession, he is nevertheless under a duty to exercise reasonable care and skill in the performance of an operation, and his failure to do so is a tort for which a recovery may be had. *Akridge* v. *Noble,* 114 *Ga.* 949; *Hinkle* v. *Smith,* 12 *Ga. App.* 496.

2. The petition set out a cause of action, and the general and special demurrers thereto were properly overruled.

<div align="center">

*Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*

DECIDED APRIL 7, 1920.

</div>

Action for damages; from city court of Americus — Judge Harper. June 30, 1919.

In the petition as amended Mrs. Blanche Elrod, as next friend of her minor daughter Mary Elrod, alleged, in substance, that Dr. L. F. Grubbs, the defendant, was a skilled physician and specialist treating the eye, ear, nose, and throat, and holding himself out to the public as skilled in such treatment, when the petitioner employed him to remove the tonsils of the said Mary, who was then eight years of age; that the removal of tonsils is not a dangerous or serious operation by one skilled in his profession, and a physician in the exercise of ordinary skill and diligence would not in removing tonsils from the throat injure other parts of the body; that in removing the tonsils of the said Mary the defendant carelessly and negligently and without the use of reasonable skill broke or pulled out by the root one of her front permanent teeth and broke off a part of a tooth adjoining the one so removed, and, in addition to the injury to the teeth, badly bruised and injured her mouth, causing her great pain and suffering, and that the injury to the teeth injured and damaged her for life, greatly disfiguring her mouth; that the defendant knew or should have known that the tooth, after it was knocked or pulled out, could be successfully replanted and that in a short time nature would firmly reset it in its original socket and it would have discharged its natural functions; that instead of so resetting and replanting the tooth, as he was in duty bound to do in the exercise of proper medical skill, he threw it away, and thus precluded the possibility of replanting and resetting it in its socket; and in so doing he was negligent, failing to bring into exercise reasonable care and medical skill; that all of said injury and damage "was the result (a) of unskillful discharge of duty he owed said Mary Elrod, (b) in failing to exercise ordinary skill and diligence in performing said operation;" and that by reason of the foregoing facts the defendant injured and damaged the said Mary Elrod in the sum of $5,000, in that her face is permanently disfigured and because of the unnecessary pain and suffering endured by her because of such unskilful acts.

In the demurrer it is contended that no cause of action is set out; that the petition does not show how or in what manner the defendant failed to exercise ordinary care in performing the

operation, and that the allegations as to such failure are merely conclusions of the pleader.

*Shipp & Sheppard,* for plaintiff in error, cited Civil Code (1910), § 4427.

*Maynard & Williams, J. J. James,* contra, cited *Akridge* v. *Noble,* 114 *Ga.* 949.