### 21516.  CHAPMAN *v.* RADCLIFFE.

JENKINS, P, J.  1. "A person professing to practice surgery or the administering of medicine for a compensation must bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill will be a tort for which a recovery may be had" Civil Code (1910), § 4427. This standard, when applied to the facts and circumstances of any particular case, must be taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by the profession generally. *Fincher* v. *Davis,* 27 *Ga. App.* 494 (5) (108 S. E. 905). It has been held that it is not the mere possession of the requisite professional skill, but its exercise, which is required. *Akridge* v. *Noble,* 114 *Ga.* 949 (41 S. E. 78); *Hinkle* v. *Smith,* 12 *Ga. App.* 496 (77 S. E. 650); *Grubbs* v. *Elrod,* 25 *Ga. App.* 108 (102 S. E. 908); *McLendon* v. *Daniel,* 37 *Ga. App.* 524, 528 (141 S. E. 77).

2. In the instant case there was evidence from which the jury have found that the defendant surgeon encased the broken limb of the plaintiff in a plaster cast without first bringing the ends of the broken bones together so that they might properly unite, and that by the use of an x-ray, which was available in the hospital in which the plaintiff was being treated, the position of the broken bones could and should have been ascertained before the application of the plaster cast. It can not, therefore, be said, as a matter of law, that the jury would not have been authorized, upon considering the place in which the treatment was rendered, the equipment available, the situation of the defendant with respect to the operation, and all the facts and circumstances shown by the

evidence, to find that the defendant had failed to exercise the degree of care and skill required by the statute, and that such neglect resulted in injury to the plaintiff. Consequently, the court erred in granting a nonsuit.

3. The testimony of the plaintiff to the effect that she knew the position of the broken bones at the time the limb was put in the cast, and at the time of a subsequent x-ray examination by another doctor, and that the positions were the same, was not a mere conclusion or opinion of the witness, and should have been admitted, subject to the right to test the plaintiff's knowledge on cross-examination.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DENIED JANUARY 14, 1932. REHEARING DENIED FEBRUARY 11, 1932.

*John D. & E. S. Taylor, Porter & Mebane,* for plaintiff.
*Maddox, Matthews & Owens,* for defendant.