22410, 22411.   SAULS *v.* SCOTT *et al.;* and *vice versa.*

DECIDED JANUARY 7, 1933.

*T. J. & J. P. Evans,* for plaintiff in error (Sauls).
*H. A. Boykin,* contra.

JENKINS, P. J.   The plaintiffs, four in number, entered into a written contract with the defendant which in substance provided that he should seek to secure options on and purchase timber and timber lands in Georgia; that the plaintiffs should furnish all necessary funds therefor, and should pay the expenses of the defendant, not to exceed $50 per week, while he was performing such services; that all losses arising from the transactions should be borne equally by the four plaintiffs, and all profits, after deducting

all expenses, including the expenses of the defendant, should be divided equally among the parties,—that is, one fifth to the defendant and one fifth to each of the plaintiffs. The contract stipulated that title to the timber and lands purchased should be taken in the name of a designated trustee, and that "sales and conveyances of timber or lands purchased shall be made upon, and only upon, the written assent of any three of the parties of the first part." It further provided that the designated trustee "shall be fully authorized to, and shall, act with reference to such timber or lands, or to the proceeds of any sale or sales thereof, in accordance with the written directions of any three of the parties of the first part [plaintiffs], and shall thereby be fully protected and exonerated from any liability or responsibility on account of such actions." The plaintiffs filed suit against the defendant and the grantor in a certain deed to land purchased under the contract by the defendant, alleging that the plaintiffs had been fraudulently induced to pay the purchase-price of the particular tract, when in fact title thereto had already been acquired under a previous purchase from another person. By way of recoupment the defendant sought to recover damages because of the alleged negligence of the plaintiffs in selling all the timber and timber lands purchased by him for them under the contract, the plea setting forth that the sale was made over his protest, and subject to a timber cruise agreed in the sale contract to be made by a firm engaged in that business, and had resulted in the receipt of a price for the property much less than it was worth, and much less than other prospective purchasers had offered for it, with a consequent loss of profits to the defendant of a very large sum. The judge overruled a general and special demurrer to the plea of recoupment. On the trial the jury found generally in favor of the defendant. The defendant filed a motion for a new trial, and the plaintiffs, by cross-bill, excepted to the order overruling their demurrer to the plea.

■ Since the parties to the contract set forth were to share the profits only, the losses, if any, to fall upon the plaintiffs, and the defendant contributed to the enterprise nothing more than personal services, the contract did not create a partnership relation between the plaintiffs and the defendant, but was one whereby the defendant was to perform the services therein provided for in consideration of one fifth of the net profits derived from the venture. Civil Code

(1910), § 3158; *Clegg* v. *Lyons,* 30 *Ga. App.* 482, 485 (118 S. E. 432); *Allgood* v. *Feckoury,* 36 *Ga. App.* 42 (135 S. E. 314); *Nellis* v. *Green,* 36 *Ga. App.* 684, 688 (137 S. E. 843).

■ Irrespective of the rule stated above, however, under the express terms of the written contract between the parties in the instant case the sole and absolute right to dispose of the property to be purchased thereunder was reserved to the plaintiffs, since the contract expressly provided that "sales and conveyance of timber or lands purchased shall be made upon, and only upon, the written assent of any three" of the four plaintiffs, and that the designated trustee "shall be fully authorized to, and shall, act with reference to such timber or lands, or to the proceeds of any sale or sales thereof, in accordance with the written directions of any three" of the four plaintiffs. This provision excluded any right on the part of the defendant to control in any wise the disposition of the property. The exercise by the plaintiffs of the right to dispose of the property, accorded to them under the express terms of the written contract, when done in good faith could not amount to a breach thereof, nor afford to the defendant any right of action, even though the plaintiffs may have been negligent in entering into a contract whereby the purchase-price for the property was to be governed by a cruise of the timber and an estimate thereof to be made by a concern which may not have been reliable, and even though the contract of sale may have resulted in a loss to the defendant of one fifth of profits which might otherwise have been received. Accordingly, since there was no averment in the plea of recoupment that the plaintiffs were guilty of fraud in disposing of the timber, or that they did not act in the utmost good faith with reference thereto, the plea set forth no cause of action, and the demurrer should have been sustained.

■ Since the plaintiffs did not except to the verdict finding generally in favor of the defendant, and the ruling on the demurrer to the plea of recoupment is controlling in the case as presented, the judgment complained of in the cross-bill of exceptions will be reversed, and the main bill of exceptions dismissed.

*Judgment reversed on the cross-bill of exceptions; main bill of exceptions dismissed. Stephens and Sutton, JJ., concur.*