### SLACK v. CRAWFORD.

### CRAWFORD v. SLACK.

#### No. 10314.

Circuit Court of Appeals, Fifth Circuit.

Oct. 21, 1942.

Walter S. Dillon, Clint W. Hager, and J. F. Kemp, all of Atlanta, Ga., for appellant and cross-appellee.

Grover Middlebrooks, of Atlanta, Ga., for appellee and cross-appellant.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This is an appeal and cross-appeal from a judgment entered upon a directed verdict in the suit of Willie E. Slack against Dr. J. H. Crawford for damages for alleged malpractice. The only question for decision on direct appeal is whether the plaintiff made out a case for submission to the jury.

Appellant, while engaged in his employment, sustained a severe injury to his eye. He went directly to Dr. Crawford, the physician designated by the Workmen's Compensation Insurance Carrier, for medical attention, and remained under his care for more than three months. The treatment administered to him by the doctor, who was an eye, ear, nose, and throat physician, at first consisted of atropine to dilate the pupil, hot applications, and injections of French protein. During the latter stages of the course of treatment, butyn was prescribed for the relief of pain. Treatments were administered either by the physician, by his office assistant under his directions and occasionally in his absence, and the doctor directed appellant to administer doses of the atropine to himself at prescribed intervals and in prescribed quantities.

Approximately three months after the accident occurred, appellant's physical condition suddenly grew worse. He was rapidly losing weight, his eye was paining him severely, sores appeared over his face, his ear became abscessed, and he developed stomach trouble. He then concluded that his course of treatment under Dr. Crawford was not benefitting him, and he consulted another physician who operated upon and removed his eye.

Appellant contends that his eye should have been removed immediately after the accident, and that the treatment administered to him by the appellee was not in the exercise of reasonable care and skill, and caused the subsequent ailments and suffering that befell him. He also alleged malpractice in that the doctor authorized and permitted his assistant, who was neither a physician nor a registered nurse, to treat him by probing his eye, giving him injections, and in prescribing medicines for self-administration.

It is the law of Georgia that any practicing physician must bring to the exercise of his profession a reasonable degree of care and skill, and any injury resulting from a failure to exercise such care and skill is a tort.[1] The record is wholly lacking in evidence, expert or otherwise, to the effect that the treatment administered by the physician was not in the exercise of reasonable care and skill and was not in accordance with approved medical practice. There is no evidence of any kind indicating that appellant's varied physical ailments were, or were likely to be, the result of the course of treatment undertaken by the doctor. The sense of the testimony of appellee, upon examination as an adverse witness, was that the treatment given to Slack conformed in all respects to standard medical practice, and that none of the ailments from which appellant suffered before the eye was removed could or did result from the treatment administered to him by appellee. This testimony was not contradicted, and it is the only evidence in the record relating to whether reasonable care and skill was exercised and whether a standard course of treatment was pursued.

The evidence shows that the doctor's assistant was permitted to give the patient injections of French protein, to place hot applications upon his eye, and to administer atropine under the direction of the physician or in his absence; but it is clear that these ministrations were not such as required greater professional training than she, by virtue of seventeen years experience in appellee's employ, was fully competent to administer.

Appellant was receiving workman's compensation for his injury at the time his

[1] Hinkle v. Smith, 12 Ga.App. 496, 77 S.E. 650; Chapman v. Radcliffe, 44 Ga. App. 649, 162 S.E. 651; Bryan v. Grace, 63 Ga.App. 373, 11 S.E.2d 241; Pilgrim v. Landham, 63 Ga.App. 451, 11 S.E.2d 420; Ga.Code § 84-924.

suit was filed. By cross-appeal it is contended that damages for malpractice, if any, became merged with and a part of the compensation payments, and that no additional separate action could be maintained therefor. Having decided the appeal on its merits adversely to the appellant, it is unnecessary to decide the cross-appeal, and we express no opinion in regard thereto.

The judgment is affirmed.