39048. ROBERTSON v. JOHNSON.

DECIDED SEPTEMBER 19, 1961.

*Floyd G. Hoard, L. D. Burns, Jr.,* for plaintiff in error.
*Erwin, Birchmore & Epting, Eugene A. Epting,* contra.

HALL, Judge. ■ The first question that must be answered is whether the sustaining of the general demurrers to the original petition is the law of the case controlling the renewed general demurrers to the amended petition. "The question for decision is whether the amendment met the criticisms of the demurrer as provided by the judgment." *Childs v. Blaine,* 84 Ga. App. 847, 850 (67 SE2d 787). The defendant contends that the amendment to the petition did not by any proper allegations of fact, add any new elements to make a cause of action. Eliminating from consideration the conclusions alleged in the amendment, there appear to be material differences between the original petition and the amended petition. In the original, the alleged negligence was that the defendant suddenly stopped at one driveway and did not make a turn at said point but drove on to another driveway *and suddenly and with no warning signal made an illegal turn* after stopping immediately in front of the defendant Wages. One of the grounds of the original general demurrer was that the petition showed that the defendant Wages' negligence was the sole proximate cause of plaintiff's injuries. The sustaining of the original general demurrers apparently held that the petition showed that the defendant Wages' negligence caused the injury and the only negligence alleged against the defendant Johnson—suddenly without warning signal making an

illegal turn—was not a contributing cause. The allegation that the defendant suddenly stopped at one driveway and then drove on, construed most strongly against the pleader, does not show negligence.

In the amended petition the negligence alleged is that the defendant Johnson *suddenly and without warning decreased his speed and suddenly stopped without first giving proper signal*, and that he knew or should have known of the presence of the plaintiff and the defendant Wages; and that the defendant Wages was following too close; and that *as a result of her following too close and the defendant Johnson suddenly stopping without signal, the defendant Wages skidded onto the wrong side of the highway.* The sequence of acts and omissions in the original and in the amended petition is different.

It cannot be said that the allegations of the amended petition show that the defendant Wages' alleged negligence alone caused plaintiff's injuries or that the defendant Johnson's alleged negligence did not contribute thereto. Therefore, it is not the law of the case that the amended petition fails to set forth a cause of action. Since the petition has been materially changed and the defect pointed out by the original demurrers corrected, the question whether the amended petition sets forth a cause of action is now before the court. *Interstate Life &c. Ins. Co. v. Hulsey*, 82 Ga. App. 559 (61 SE2d 783).

■ The grounds of special demurrers Nos. 2 and 4 are that the allegations and specifications of negligence, to the effect that the defendant's suddenly slowing and stopping without proper signal violated *Code Ann.* §§ 68-1647, 68-1648 and 68-1649 are conclusions, because (1) the petition did not allege that defendant's automobile was not equipped with a proper brake light or turn signal in operation or that there was an opportunity to give a signal after the necessity to stop became apparent; or (2) that the defendant was undertaking to make a turn, or any other facts showing violation of *Code Ann.* § 68-1647. The contention that the petition was defective because it failed to show defendant had an opportunity to give a signal after the necessity to stop became apparent is without merit, because the petition nowhere shows that there was at any time a necessity

for the defendant Johnson to stop. The allegation that the defendant did not give "proper signal" in violation of specific Code sections, is sufficient as against this demurrer to show that he gave no signal of any kind as required by the Code sections.

The Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 589; *Code Ann.* § 68-1647 (c)), provides: "No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein [by *Code* §§ 68-1648 and 68-1649] to the driver of any vehicle immediately to the rear when there is opportunity to give such signal." *Code Ann.* § 68-1647 (c). "Any stop or turn signal when required herein shall be given either by means of the hand and arm or by a signal lamp or lamps or mechanical signal device. . ." *Code Ann.* § 68-1648 (a).

Since it is alleged that the defendant suddenly slowed and stopped without proper signal it was error to sustain demurrers Nos. 2 and 4.

Because the petition alleges a violation of *Code* § 68-1647, and for the reason stated in Division 1 of the opinion, it was error to sustain the renewed general demurrers to the amended petition.

The defendant's special demurrer No. 3 to plaintiff's allegation that defendant's slowing and stopping without giving any signal violated *Code Ann.* § 68-1645 and constituted negligence per se, was properly sustained. That section provides: "No vehicle shall be turned so as to proceed in the opposite direction upon any curve, or upon the approach to, or near the crest of a grade." Placing the words of the allegation and the words of the statute side by side is sufficient to show that the former is not a violation of the latter.

The grounds of demurrer No. 5 are that the second sentence of paragraph 14 (A) of the petition, quoted above, is a conclusion because the alleged facts "show that plaintiff was coming over the crest of a hill, and do not show that plaintiff was in sight at the time the defendant is alleged to have stopped, nor does said petition allege . . ." that the defendant Johnson had any warning or any duty to ascertain that defendant Wages

392

was behind him. In view of the absence of any allegations of facts creating an emergency making the defendant Johnson's sudden stop necessary, we think the petition shows that ordinary care would have required the defendant Johnson to ascertain whether or not any traffic was close behind him before making a sudden stop.

Since the demurrer is to the entire sentence and the ground discussed above is not good, it is unnecessary to pass on the other contentions contained in the demurrer. *Washington Water &c. Co. v. Pope Mfg. Co.*, 176 Ga. 155 (167 SE 286); *Southern Ry. Co. v. Phillips*, 136 Ga. 282, 285 (71 SE 414); *Mendel v. Converse & Co.*, 30 Ga. App. 549, 552 (118 SE 586). ". . . Where a part of the language of the petition demurred to is subject to the criticisms contained in a subground, and a part is not so subject, and said subground fails to point out the particular part of the petition claimed to be subject to these criticisms, such demurrer is itself defective and not sufficient for consideration. . . . The party demurring has failed to lay his finger on the very point contended to be defective." *Carusos v. Briarcliff, Inc.*, 76 Ga. App. 346, 353, 354 (45 SE2d 802). It was error to sustain demurrer no. 5.

*Judgment affirmed in part and reversed in part. Felton, C. J., and Bell, J., concur.*