41663. MULL v. EMORY UNIVERSITY, INC.

PANNELL, Judge. 1. While the brief of appellant makes no specific reference to the general demurrer (demurrer No. 1) which was renewed or to the other renewed demurrers (Nos. 16, 17, 23, and 27), the law and argument presented in the brief of the appellant on the other demurrers specifically referred to, which argument contains references to the allegations in the paragraphs demurred to by the above demurrers, is so entwined and enmeshed with the principles and reasoning applicable to the

general demurrer and the renewed demurrers that we cannot say that the appellant has abandoned his enumeration of error thereon.

2. The requirement that the enumeration of error "shall set out separately each error relied upon" (Sec. 14 of the Appellate Practice Act of 1965, as amended; Ga. L. 1965, pp. 18, 29; Ga. L. 1965, pp. 240, 243; *Code Ann.* § 6-810) does not make necessary a separate numbering as to each of various numbered demurrers sustained, but an enumeration of error on the sustaining of such demurrers setting forth each demurrer by its paragraph number is a sufficient "separate enumeration."

3. While a hospital may not be liable for the alleged negligence of a physician employed by it where the alleged negligence related to a matter of professional judgment on the part of the physician in the treatment or diagnosis of an illness over which the employing hospital did not exercise and had no right to exercise control (*Black v. Fischer*, 30 Ga. App. 109 (117 SE 103); *Tench v. Downey Hospital*, 36 Ga. App. 20, 22 (135 SE 106)), yet, where such employee physician refers a patient to another employee (allegedly incompetent) for the administration of a diagnostic test, the referral of such patient to the other employee was the act of the hospital under the doctrine of respondeat superior.

4. Allegations that certain detailed procedures for giving an injection for a diagnostic test and that certain detailed treatment for the results of an improper injection of a chemical are in accord with "proper and accepted medical practice" are not conclusions of the pleader, nor is it necessary to allege that such practice or procedure is in accord with proper and accepted medical practice in the community or locality where the alleged injury occurred as the result of the failure to follow such procedure. See *Code* § 84-924. The same degree of care and skill is required in making a diagnosis as is required in treatment. *Norton v. Hamilton*, 92 Ga. App. 727, 731 (89 SE2d 809); *Mayo v. McClung*, 83 Ga. App. 548 (1) (64 SE2d 330). Appellee's contention that such latter allegation is necessary under the law of this State is not sustainable. "The standard prescribed by the Code section, 'when applied to the facts and circumstances of any particular case, must be taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by the profession generally.' *McLendon v.*

*Daniel*, 37 Ga. App. 524, 528 (141 SE 77); *Hughes v. Weaver*, 39 Ga. App. 597 (148 SE 12); *Radcliffe v. Maddox*, 45 Ga. App. 676, 680 (165 SE 841). The physician must not only have the requisite care and skill, but must exercise these qualifications. *Hinkle v. Smith*, 12 Ga. App. 496 (77 SE 650); *Grubb v. Elrod*, 25 Ga. App. 108 (102 SE 908); *McLendon v. Daniel*, supra; *Richards v. Harpe*, 42 Ga. App. 123 (11) (155 SE 85); *Chapman v. Radcliffe*, 44 Ga. App. 649 (162 SE 651). The true rule is that the reasonable degree of care and skill prescribed in the Code is not such as is ordinarily employed by the profession in the locality or community. It is a question of fact for the jury to determine what is reasonable care and skill under the circumstances, and in so determining the jury may consider the degree of care and skill practiced by the profession generally in the locality or the community. In *Akridge v. Noble*, 114 Ga. 949 (41 SE 78), cited and relied on by counsel for defendant in error, it was not held that the care and skill required of a physician is that employed by the profession generally in the locality or community. See the comments of the Supreme Court on that case in *Pace v. Cochran*, 144 Ga. 261 (86 SE 934). See also *Fincher v. Davis*, 27 Ga. App. 494 (108 SE 905); *McLendon v. Daniel*, supra; Gramm v. Boener, 56 Ind. 497, 501; McCracken v. Smathers, 122 N. C. 799 (29 SE 354)." *Kuttner v. Swanson*, 59 Ga. App. 818, 819-820 (2 SE2d 230). It appears, therefore, that while the jury may consider the accepted medical practice in the local community in determining whether or not the failure to use or follow the alleged practices was an act of negligence, it is not necessary to so allege. Nothing to the contrary was ruled in *Bryan v. Grace*, 63 Ga. App. 373 (11 SE2d 241). The allegations there related to a matter of judgment rather than a procedure of diagnostic testing as here involved and the allegations in that case merely alleged that the "proper practice" was different from that used rather than that "proper and acceptable medical practice" required a different method, as is done in the present case.

5. The appellant invokes what is sometimes called the "informed consent rule" effective in other States. See *Southern R. Co. v. Phillips*, 136 Ga. 282 (1) (71 SE 414); *Robertson v. Johnson*, 104 Ga. App. 387, 392 (121 SE2d 829). Briefly stated, this rule is that a consent to a treatment or diagnostic test obtained without disclosure of the hazards or dangers involved,

is no consent. Whether or not the "informed consent" rule is applicable in this State, such rule, if applicable, applies only to the duty to warn of the hazards of a correct and proper procedure of diagnosis or treatment, and has no relation to the failure to inform of the hazards of an improper procedure. The allegations of failure to so inform in the present case may, therefore, have been demurrable; however, the demurrers interposed here were defective. The paragraphs demurred to alleged the duty to warn of the hazards of the substance used as well as an additional duty. The demurrers were to the entire paragraphs on the grounds that "the duty" alleged was not a duty imposed by law upon the defendant or was a duty greater than that imposed by law on the defendant or the breach of said duty by the failure to warn. The demurrer itself being a critic must be free from criticism, and the failure to allege which duty was referred to by the demurrers prevented the demurrers from performing their proper office and the trial judge erred in sustaining them. However, demurrer number 36 to paragraph 65e, which alleges a failure to warn of the hazards of an improper injection, was properly sustained. Whether or not other demurrers to the same paragraph were properly sustained presents a moot question.

6. Special demurrers which do not specifically point out the weaknesses they seek to attack are defective, and the sustaining of such a demurrer is error. *Morgan v. Crowley,* 91 Ga. App. 58 (5) (85 SE2d 40). A special demurrer must distinctly and particularly specify wherein the defect lies. The party specially demurring "must lay, as it were, his finger on the very point" otherwise the demurrer should be overruled. *Scott v. Central of Ga. R. Co.,* 18 Ga. App. 159 (88 SE 995) ; *Matthews v. American Textile Co.,* 23 Ga. App. 675, 676 (3) (99 SE 308) ; *Dunn v. Freeman,* 24 Ga. App. 504, 505 (5) (101 SE 393) ; *Lovett v. Arnall Merchandise Co.,* 182 Ga. 356 (185 SE 315) ; *Peoples Loan Co. v. Allen,* 199 Ga. 537, 557 (1) (34 SE2d 811). "A special demurrer which is itself vague, uncertain, and indefinite, and does not specifically point out wherein the petition is defective, will not be considered by the court." *Central of Ga. R. Co. v. Hill,* 21 Ga. App. 231 (94 SE 50).

7. The various allegations relating to the fact that defendant's servant was not properly trained to administer an injection, that the servant improperly administered the injection, that only a medical doctor or a registered nurse should have done

so, and also relating to the lack of proper treatment after occurrence of symptoms following the injection, were not conclusions of the pleader when viewed in the light of allegations of fact in the entire petition, nor were the paragraphs alleging such facts conclusions of the pleader.

8. The petition sufficiently alleged a causal relation between the alleged injury received and the alleged breach of duties, the alleged incompetency of the defendant's servant because of the lack of training, as against the demurrers interposed on the ground of the lack of such causal relation.

9. The demurrers to the allegations of negligence relating to the breach of alleged duties, except as otherwise indicated, were improperly sustained by the trial judge.

10. An allegation "that after her marriage plaintiff found that due to the damage to and impairment of the circulatory system of her left arm, there is great danger attendant on her becoming pregnant; that should she become pregnant, there is substantial danger that her damaged and insufficient circulatory system will cause extensive complication of her pregnancy and that the pregnancy itself, which places a naturally increased burden upon the circulatory system of the female human body, will cause her to suffer the amputation of her left arm or to suffer from another severe attack or attacks of thrombophlebitis," is not demurrable as a conclusion of the pleader, or on the ground said allegation deals solely with the medical possibilities, or on the ground it is prejudicial and inflammatory.

11. Allegations as to probable adverse results from an alleged tortious injury or that there was a substantial medical possibility of such result, which probabilities and possibilities have caused the plaintiff mental pain and suffering are properly pleaded as such element of damage. See *Atlanta Veterans Transportation, Inc. v. Cagle*, 106 Ga. App. 551 (127 SE2d 702).

12. Paragraph 51 as amended sufficiently meets the grounds of demurrer number 24 and new demurrer number 7 by alleging of what the extensive medical treatment consisted.

13. Upon application of the above rulings and principles to the pleadings and the demurrers thereto sustained by the trial judge, it follows that he erred in sustaining demurrers numbered 1 (the general demurrer), number 3 to paragraph 10, number 4 to paragraph 12, number 5 to paragraph 12, number

6 to paragraph 15, number 7 to paragraph 15, number 8 to paragraph 16, number 9 to paragraph 17, number 10 to paragraph 18, number 11 to paragraph 20, number 12 to paragraph 21, number 14 to paragraph 23, number 15 to paragraph 25, number 16 to paragraph 26, number 17 to paragraph 27, number 18 to paragraph 28, number 19 to paragraph 29, number 20 to paragraph 31, number 21 to paragraph 32, number 22 to paragraph 33, number 23 to paragraph 36, number 24 to paragraph 51, number 25 to paragraph 58, number 26 to paragraph 63, number 27 to paragraph 65 (a), number 28 to paragraph 65 (b), number 29 to paragraph 65 (b), number 30 to paragraph 65 (c), number 33 to paragraph 65 (d), number 34 to paragraph 65 (d), number 36 to paragraph 65 (e), number 37 to paragraph 65 (f), number 38 to paragraph 65 (g), number 39 to paragraph 65 (i), number 40 to paragraph 65 (i), number 41 to paragraph 65 (j), number 42 to paragraph 65 (j), number 43 to paragraph 65 (k), number 44 to paragraph 65 (l), number 45 to paragraph 65 (m), new demurrer number 2 to paragraph 47 (a), new demurrer number 3 to paragraph 47 (a), new demurrer number 4 to paragraph 47 (a), new demurrer number 5 to paragraph 47 (b), new demurrer number 6 to paragraph 47 (b), new demurrer number 7 to paragraph 51, new demurrer number 8 to paragraph 65 (n), new demurrer number 9 to paragraph 65 (n), new demurrer number 10 to paragraph 65 (n), new demurrer number 11 to paragraph 65 (n).

*Judgment reversed. Felton, C. J., and Frankum, J., concur.*

ARGUED JANUARY 3, 1966—DECIDED JULY 11, 1966.

*Paul C. Myers, William I. Aynes,* for appellant.

*Hurt, Hill & Richardson, James C. Hill, Robert L. Todd,* for appellee.

72

78

82

84

89