A95A1156. HARTMAN et al. v. SHALLOWFORD COMMUNITY HOSPITAL, INC.
(466 SE2d 33)

Pope, Presiding Judge.

Plaintiffs Barbara Hartman and her husband sued defendants, Shallowford Community Hospital, Inc. and Dr. Hoyt Dees, for negligence, medical malpractice and loss of consortium. Following a jury verdict and the denial of their motion for a new trial, plaintiffs appeal contending that the verdict form used in the case was improper in that it did not allow for an award of general pain and suffering damages against Shallowford, and that the trial court erred in recharging the jury and in excluding certain evidence. We agree that the verdict form in this case was improper and that the trial court erred in its recharge to the jury. Consequently, we reverse and remand this case for a new trial in accordance with this opinion.

On June 15, 1990, Dees performed a hysterectomy on Hartman at Shallowford Hospital. Prior to the surgery, an indwelling urinary catheter was placed in Hartman's bladder to facilitate urinary drainage. This catheter was removed by one of Shallowford's nurses on the morning after the surgery. According to plaintiffs, the nurse negligently failed to record the time at which she removed the catheter on Hartman's medical chart, which in turn delayed the reinsertion of the catheter when Hartman was unable to void her urine. At trial, plaintiffs contended that the failure to properly record the above information caused Hartman to undergo pain and suffering while waiting for the catheter to be reinserted, and that Shallowford was liable for the damages attributable to its employee's negligence. Plaintiffs also contended that Dees negligently failed to properly administer the informed consent process; negligently performed any surgery beyond a cystectomy; negligently placed a stitch through Hartman's bladder during the hysterectomy, which resulted in the development of a fistula and stress incontinence; and negligently monitored Hartman during her first post-operative day.

During trial, plaintiffs sought to have an expert demonstrate on a pig's bladder how a stitch through the bladder would allow urine to leak out of the hole created by the stitch. Shallowford's counsel objected to the demonstration, and after plaintiffs' expert was questioned outside the presence of the jury, the trial court ruled that the pig bladder demonstration would not be allowed. Plaintiffs objected to this ruling.

The case was submitted to the jury along with a verdict form

which contained numerous interrogatories. One interrogatory asked the jury whether Dees negligently performed the hysterectomy by including the bladder in a stitch of Hartman's vaginal cuff. Another interrogatory asked whether Shallowford's nurses negligently failed to record any facts regarding the removal of the catheter. It is undisputed that the liability portion of the verdict form only allowed for the recovery of damages associated with the development of the fistula and for stress incontinence subsequent to the repair of the fistula.

After deliberating for a short time, the jury returned to court with the following two questions: "If an error during surgery is unintentional or unknown, is this negligent? If an error during surgery is unintentional or unknown, is this below the standard of care?" In response to these questions, the trial court instructed the jury that: "[T]he law does not require that treatment given by a physician or surgeon to a patient shall yield nearly perfect, or perfect results. A physician is not responsible in damages for lack of success or an honest mistake or an error in judgment unless it is shown from the evidence that the physician did not exercise the necessary degree of skill ordinarily employed by physicians generally, under similar conditions and like surrounding circumstances." The trial court then recharged the jury as to the medical standard of care by stating that: "The standard of care which a physician is required to exercise is that degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by the profession generally. If a physician in the treatment and care of his patient should use that degree of care and skill ordinarily employed by the profession generally under similar conditions and like surrounding circumstances, he would not be guilty of negligence." Plaintiffs timely objected to the trial court's response to the jury's questions.

After further deliberation, the jury returned with a verdict finding that Dees was not negligent under any of plaintiffs' theories including the theory regarding the placing of a stitch through Hartman's bladder. The jury did find, however, that Shallowford was negligent based on its nurse's failure to record the facts surrounding the removal of Hartman's catheter. But, no damages were awarded to plaintiffs in that the verdict form only allowed recovery based on the fistula and stress incontinence.

1. Plaintiffs contend that they should be granted a new trial as to the issue of damages to be assessed against Shallowford in light of the jury's express finding of liability on Shallowford's part. Specifically, plaintiffs argue that they are entitled to a new trial on this issue because the verdict form did not provide for recovery of general pain and suffering damages. We agree. Under Georgia law, consequential damages may be awarded for pain and suffering upon the successful

presentation of a theory of recovery in tort. Moreover, a jury may award pain and suffering damages for any temporary or transient pain if it is associated with another's negligence. See *Sam Finley, Inc. v. Russell*, 75 Ga. App. 112 (42 SE2d 452) (1947).

In the instant case, negligence on Shallowford's part was proven, but the jury had no option to award general damages to plaintiffs because of the restrictive nature of the verdict form. Under such circumstances, we conclude that even if plaintiffs failed to object to the verdict form prior to the time the verdict was published, use of the verdict form in itself constituted substantial and harmful error as a matter of law, and resulted in a gross injustice to plaintiffs. See *Foskey v. Foskey*, 257 Ga. 736, 737 (363 SE2d 547) (1988); *Nelson v. Miller*, 169 Ga. App. 403, 405 (312 SE2d 867) (1984). Accordingly, we remand the case to the trial court with the direction that a new jury be impanelled to determine what damages, if any, plaintiffs suffered as a proximate result of Shallowford's negligent failure to record information concerning the removal of the catheter.

2. Plaintiffs also contend that they are entitled to a new trial based on the trial court's response to the two questions the jury asked shortly after it began deliberating. We agree. The above-mentioned questions demonstrate that the jury was confused as to how to determine whether Dees had violated the professional standard of care, and that they were seeking clarification as to whether Dees' intent during surgery had any bearing on the issue. When a jury requests clarification of a specific point, the trial court is not required to restate its entire charge, but instead is only required to give such parts as are necessary to answer the jury's request. *Elliott v. Floyd*, 85 Ga. App. 416, 420 (1) (69 SE2d 620) (1952); accord *Burnett v. Doster*, 144 Ga. App. 443 (241 SE2d 319) (1978). The trial court properly performs its duties in this regard by providing a correct statement of the law *that responds to the jury's request*. See *Elliott*, 85 Ga. App. at 420.

In this case, although the first portion of the trial court's response to the jury was a correct statement of the law as it relates to medical malpractice cases involving errors in judgment, see *Hopper v. McCord*, 115 Ga. App. 10 (153 SE2d 646) (1967), it did not adequately address the questions posed by the jury. In fact, the first portion of the trial court's response was likely to mislead the jury into believing that intent was a relevant consideration in determining whether Dees was negligent and breached the professional standard of care. The trial court should have instructed the jury that intent had no relevance with regard to the determination of whether any actions on Dees' part during surgery were negligent, or whether Dees breached the professional standard of care during the performance of the hysterectomy. Then the trial court should have recharged the jury

as follows: "A person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of the profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be an act for which a recovery may be had. This standard, when applied to the facts and circumstances of any particular case, must be such degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by the profession generally. If a physician or surgeon in the treatment and care of a patient should use that degree of care and skill ordinarily employed by the profession generally under similar conditions and like surrounding circumstances, then the physician or surgeon would not be guilty of negligence. If, on the other hand, the doctor should fail to use such degree of care and skill, the doctor would be guilty of negligence, and if injury resulted because of such failure, the doctor would be liable on account of the same." Suggested Pattern Jury Instructions, Vol. I, Civil Cases (3rd ed. 1991), pp. 251-252; see also OCGA § 51-1-27; *Simpson v. Dickson*, 167 Ga. App. 344 (306 SE2d 404) (1983); *Mull v. Emory Univ.*, 114 Ga. App. 63 (150 SE2d 276) (1966); *Hinkle v. Smith*, 12 Ga. App. 496 (77 SE 650) (1913).

In light of the above, we conclude that the trial court's response to the jury's questions constituted harmful error because it likely misled and confused the jury. Therefore, we remand the case to the trial court for a new trial to determine whether Dees was negligent in breaching the appropriate standard of care during the performance of the hysterectomy, and whether plaintiffs are entitled to recover for any damages which proximately resulted from any such alleged negligence on Dees' part.

3. Finally, we find no merit to plaintiffs' contention that the trial court erred in disallowing the demonstration involving the pig bladder. The admission of evidence is a matter resting largely within the sound discretion of the trial court, and appellate courts will not interfere absent an abuse of that discretion. *Brannen v. Prince*, 204 Ga. App. 866, 870 (4) (421 SE2d 76) (1992). Upon review of the record, we conclude that the trial court was justified in disallowing the pig bladder evidence because plaintiffs never laid a proper foundation demonstrating that a pig bladder was similar to a human bladder or that it would react to surgical stitches in the same manner in which a human bladder would react. Thus, the trial court did not abuse its discretion by excluding the demonstration from the evidence presented to the jury.

*Judgment reversed. Ruffin, J., concurs. Beasley, C. J., concurs in judgment only.*

502

Decided December 4, 1995 —
Reconsideration denied December 19, 1995 —

*Robert C. Koski, Shelby A. Outlaw*, for appellants.
*Nall, Miller, Owens, Hocutt & Howard, James S. Owens, Jr.,
Kelly E. Malone*, for appellee.